## Geisenberger *v.* Geisenberger, Appellant.

*Evidence—Irrelevant evidence—Offer—Rejection.*

If evidence be irrelevant at the time it is offered, it is not error to reject it, because other evidence might afterwards be given in conjunction with which it would become relevant; if it would be relevant in conjunction with other facts, the offer ought to be accompanied by an offer to prove those facts at the proper time.

Argued Oct. 7, 1909. Appeal, No. 45, Oct. T., 1909, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1907, No. 5,216, on verdict for plaintiff in case of Julia Geisenberger v. Ike Geisenberger. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note. Before BRÉGY, J.

The note was as follows:

"$1,000                    PHILADELPHIA, PA., Mar. 25, 1902.

"Sixty days after date I promise to pay to the order of Miss Julia Geisenberger One Thousand Dollars at Lancaster, Pa. Without defalcation, value received.

"No. X. Due.           (Signed)   IKE GEISENBERGER."

At the trial the defendant claimed that the note had been paid by his father, Moses Geisenberger, and offered in evidence without more, three checks as follows:

"Farmers National Bank of Lancaster, Pa. April 7th, 1904, Pay to the order of Julia Geisenberger Two hundred and sixty-five 95/100 Dollars $265.95.

"MOSES GEISENBERGER.

"Indorsed: Julia Geisenberger."

"Farmers National Bank of Lancaster, Pa. April 25, 1904, Pay to the order of Julia Geisenberger One hundred Dollars, $100.00/100.

"MOSES GEISENBERGER.

"Indorsed: Julia Geisenberger."

## 236  GEISENBERGER v. GEISENBERGER, Appellant.

"Farmers National Bank of Lancaster, Pa. July 16th, 1904, Pay to the order of Julia Geisenberger Four hundred and twenty-five dollars $425.00/100.

"MOSES GEISENBERGER.

"Indorsed: Julia Geisenberger."

The court overruled the offer. Exception and bill sealed.

Verdict and judgment for plaintiff for $1,294.93. Defendant appealed.

*Error assigned* was the rejection of defendant's offer as above.

*Charles L. Smyth*, for appellant.

*Henry P. Brown*, for appellee.

PER CURIAM, December 13, 1909:

The checks referred to in the assignment of error were not on their face admissible as evidence of payment. Nor were they made admissible by any evidence already in or by an offer to follow them by proof of other facts that would make them so. If evidence be irrelevant at the time it is offered, it is not error to reject it, because other evidence might afterwards be given in conjunction with which it would become relevant; if it would be relevant in conjunction with other facts, the offer ought to be accompanied by an offer to prove those facts at the proper time: Weidler v. Farmers' Bank, 11 S. & R. 134. We all concur in the conclusion that the offer was properly rejected at the time it was made.

Judgment affirmed.